Estado Libre Asociado de Puerto Rico
**TRIBUNAL DE APELACIONES**
**PANEL VIII**

| | | |
|---|---|---|
| Municipio de San Germán<br><br>Peticionario<br><br>vs.<br><br>ALR Construction, LLC; United Surety and Indemnity Company<br><br>Recurridos | KLCE202500393 | ***CERTIORARI***<br>procedente del Tribunal de Primera Instancia, Sala Superior de Mayagüez<br><br>Civil Núm.: MZ2024CV00857<br><br>Sobre:<br>Incumplimiento de Contrato, Daños y Perjuicios |

Panel integrado por su presidente, el Juez Rivera Colón, el Juez Adames Soto y la Jueza Santiago Calderón.

Rivera Colón, Juez Ponente

**RESOLUCIÓN**

En San Juan, Puerto Rico, a 30 de mayo de 2025.

Compareció ante nos, el Municipio de San Germán (Municipio o peticionario), quien presenta un recurso de *Certiorari* en el cual solicita la revocación de la "Resolución" emitida el 19 de marzo de 2025,[1] por el Tribunal de Primera Instancia, Sala Superior de Mayagüez. Mediante aludido dictamen, el foro primario declaró No Ha Lugar la petición de sentencia sumaria presentada por el peticionario.

Examinada la solicitud de autos, la totalidad del expediente y el estado de derecho aplicable, denegamos expedir el recurso por los fundamentos que expondremos a continuación.

**I.**

El 29 de mayo de 2024, el Municipio radicó una "Demanda" contra ALR Construction, LLC (ALR) y United Surety and

---

[1] Notificada el 21 de marzo de 2025.

Indemnity (USIC) (en conjunto, la parte recurrida) sobre incumplimiento contractual y daños y perjuicios. En síntesis, alegó que, el 4 de abril de 2023, el Municipio y ALR firmaron el Contrato 2023-000474 para que se realizara un proyecto llamado "Remodelación Mayor Escuela Rafael García Cabrera" por la cantidad de $2,690,000.00. Sostuvo que, dicho contrato fue enmendado por las partes el 1 de mayo de 2023 y, como resultado, se dividió el proyecto en tres fases, la primera de estas por $887,986.12.

Así, indicó que, el 12 de mayo de 2023, ALR y USIC otorgaron un contrato de fianza mediante la cual USIC, como fiador, se obligó a cumplir las obligaciones que ALR asumió bajo referido contrato. No obstante, el Municipio esbozó que la parte recurrida se ha negado ejecutar la obra de construcción sin justificación para ello. A tales efectos, exigió el cumplimiento de la obligación bajo el Contrato 2023-000474, según enmendado y bajo el contrato de fianza, más una partida por daños y perjuicios que se estiman en $50,000.00. De la parte recurrida negarse a cumplir su obligación, solicitó la cantidad de $887,986.12, una partida por daños en perjuicios estimados en $50,000.00, más intereses, costas y honorarios de abogado.

El 24 de julio de 2024, USIC presentó su "Contestación a Demanda". En lo pertinente, aseveró que USIC devolvió la prima de la fianza al principal por lo que nunca quedó obligada con el Municipio.

Por su parte, el 6 de agosto de 2024, ALR presentó su "Contestación a Demanda". Allí, negó varias de las alegaciones contenidas en la reclamación de epígrafe. A su vez, instó una reconvención solicitando $100,000.00 por los daños provocados a ALR por la conducta del Municipio.

El 21 de agosto de 2024, el Municipio presentó una "Demanda Enmendada". En esta, reiteró las alegaciones de la reclamación original. No obstante, añadió que el proyecto se adjudicó a OBR Enterprises Inc., por la cantidad de $3,871.089.29, lo que significó un aumento de $1,181,089.29 en el costo de la obra. Por tanto, solicitó una partida de $1,181,089.29 en concepto de daños.

Así las cosas, el 9 de octubre de 2024, el Municipio presentó una "Moción de Sentencia Sumaria". En esencia, argumentó que la parte recurrida incumplió con la obligación que asumió bajo el Contrato 2023-000474. Como resultado, el peticionario resolvió el contrato y adjudicó el proyecto a otra empresa. Así pues, solicitó una partida de $1,181,089.29 por los daños sufridos por el Municipio por dicho incumplimiento.

El 15 de noviembre de 2024, la ALR presentó su "Oposición a Sumaria y solicitud de determinaciones fuera de controversia". Adujo que, existían hechos materiales en controversias que impedían dictar sentencia sumaria, entre estos, la viabilidad del proyecto debido a errores de diseño, la división del proyecto en fases y en qué consistía la fase 1 y el alegado incumplimiento por parte de ALR.

Por otro lado, el 4 de diciembre de 2024, USIC presentó su "Oposición a Moción de Sentencia Sumaria". En esta, alegó que el original de la fianza no fue debidamente entregado al Municipio, por ende, no adquirió vigencia. En la alternativa, sostuvo que el peticionario incumplió crasamente con los términos de la fianza y, en consecuencia, exoneró a USIC de toda responsabilidad.

Evaluados los escritos presentados por las partes, el 19 de marzo de 2025,[2] el Tribunal de Primera Instancia emitió una "Resolución" en la cual declaró No Ha Lugar la solicitud de

---

[2] Notificada el 21 de marzo de 2025.

sentencia sumaria que presentó el Municipio. Mediante esta, determinó que existían hechos materiales en controversia en cuanto a la alegada responsabilidad de ALR y los efectos de su incumplimiento sobre el proyecto que impedían que el caso sea resuelto por la vía sumaria. De igual forma, concluyó que debido a que el Municipio canceló el contrato antes de haber notificado el incumplimiento a la aseguradora, la fianza quedó extinguida, por tanto, USIC no estaba obligada a responder por las obligaciones de ALR.

Inconforme, el Municipio recurre ante este foro apelativo intermedio, y señala la comisión de los siguientes errores:

*Erró el TPI al resolver que existen controversias de hecho que impidan que se dicte sentencia sumaria a favor del Municipio y en contra de ALR, particularmente cuando la oposición a moción de sentencia sumaria presentada por ALR fue extremadamente defectuosa y descartada por el propio TPI.*

*Erró el TPI al resolver que la cancelación del Contrato relevó a USIC de toda responsabilidad bajo la fianza emitida a favor de ALR para ese mismo Contrato debido a que USIC es un fiador solidario y no un fiador regular.*

**II.**

El recurso de *Certiorari* es el vehículo procesal discrecional que permite a un tribunal de mayor jerarquía revisar las determinaciones de un tribunal inferior. *Torres González v. Zaragoza Meléndez*, 211 DPR 821, 846-847 (2023). Si bien el auto de *Certiorari* es un mecanismo procesal extraordinario de carácter discrecional, al atender el recurso no debemos "hacer abstracción del resto del Derecho". *Mun. de Caguas v. JRO Construction*, 201 DPR 703, 711 (2019). Así, a los fines de ejercer sabiamente nuestra facultad discrecional en la consideración de los asuntos planteados mediante dicho recurso, la Regla 40 del Reglamento del Tribunal de Apelaciones, 4 LPRA Ap. XXII-B, R. 40, imparte que esta segunda instancia judicial tomará en consideración los

siguientes criterios al determinar si procede o no la expedición de un auto de *Certiorari*:

> *(A) Si el remedio y la disposición de la decisión recurrida, a diferencia de sus fundamentos, son contrarios a derecho.*

> *(B) Si la situación de hechos planteada es la más indicada para el análisis del problema.*

> *(C) Si ha mediado prejuicio, parcialidad o error craso y manifiesto en la apreciación de la prueba por el Tribunal de Primera Instancia.*

> *(D) Si el asunto planteado exige consideración más detenida a la luz de los autos originales, los cuales deberán ser elevados, o de alegatos más elaborados.*

> *(E) Si la etapa del procedimiento en que se presenta el caso es la más propicia para su consideración.*

> *(F) Si la expedición del auto o de la orden de mostrar causa no causan un fraccionamiento indebido del pleito y una dilación indeseable en la solución final del litigio.*

> *(G) Si la expedición del auto o de la orden de mostrar causa evita un fracaso de la justicia.*

### III.

A la luz de los criterios enumerados en la Regla 40 de nuestro Reglamento, *supra*, no encontramos criterio alguno que nos mueva a expedir la petición presentada por el peticionario.

Nada en el legajo apelativo demuestra que el foro recurrido haya actuado con prejuicio, parcialidad, error manifiesto o abuso de su discreción, por lo que su dictamen nos merece deferencia. En consecuencia, denegamos la expedición del recurso debido a que no cumple con ninguno de los criterios enumerados en la Regla 40 de nuestro Reglamento, *supra*.

### IV.

Por los fundamentos expuestos, los que hacemos formar parte del dictamen, denegamos el recurso de *Certiorari* solicitado por el Municipio.

Lo acordó y manda el Tribunal, y lo certifica la Secretaria del Tribunal de Apelaciones.

El Juez Adames Soto, emite un voto disidente en parte y de conformidad.

Lcda.  Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones

Estado Libre Asociado de Puerto Rico
TRIBUNAL DE APELACIONES
Panel VIII

| MUNICIPIO DE SAN GERMÁN<br>Peticionario<br><br>v.<br><br>ALR CONSTRUCTION, LLC; UNITED SURETY AND INDEMNITY COMPANY<br>Recurridos | KLCE202500393 | *Certiorari* procedente del Tribunal de Primera Instancia, Sala de Mayagüez<br><br>Civil Núm. MZ2024CV00857<br><br>Sobre: Incumplimiento de Contrato, Daños y Perjuicios |
|---|---|---|

Panel integrado por su presidente, el Juez Rivera Colón, el Juez Adames Soto y la Jueza Santiago Calderón

## VOTO DISIDENTE EN PARTE Y DE CONFORMIDAD DEL JUEZ NERY E. ADAMES SOTO

a.

Como se recogió en la *Resolución* que suscriben mis respetados compañeros jueces de Panel, el Municipio de San Germán, (el Municipio o peticionario), alzó dos señalamientos de error ante nosotros; en el primero de estos, arguyó que, contrario a lo resuelto por el Tribunal de Primera Instancia (TPI), correspondía dictar sentencia sumaria a su favor con relación a la causa de acción instada contra ALR Construction, LLC., (ALR Construction); mientras que en el segundo aseveró que United Surety & Indemnity Co., (USIC), no quedó liberado de su responsabilidad como fiador solidario.

De los dos señalamientos de error aludidos, estoy de acuerdo con este Panel al considerar que no procedía la expedición del recurso solicitado por el Municipio para atender la alegación sobre USIC, (por lo que no elaboraré sobre tal asunto)[3]; pero en

---

[3] Baste anotar que, en efecto, incumplido por ALR Construction el acuerdo suscrito con el Municipio, este último debió conceder oportunidad a la fiadora

desacuerdo con el rumbo decisorio elegido respecto a la causa de acción dirigida contra ALR Construction, pues, en cuanto a esto, hubiese expedido el recurso solicitado y revocado la *Resolución* recurrida. Me explico.

Examinada la *Moción de sentencia sumaria* instada por el Municipio[4], me queda muy claro que esta cumplió a cabalidad con todos los requisitos formales que exige la Regla 36.3(a) de Procedimiento Civil, 32 LPRA Ap. V, R. 36.3(a), **además de sustentar con prueba documental admisible cada uno de los hechos que identificó como medulares e incontrovertidos**.

Muy por el contrario, la *Oposición a Sumaria y solicitud de determinaciones fuera de controversia* que presentó ALR Construction[5] no cumplió en modo alguno con las formalidades requeridas por la Regla 36.3(b) de Procedimiento Civil, 32 LPRA Ap. V, R. 36.3(b), mucho menos aún controvirtió los hechos medulares que el Municipio enumeró como incontrovertidos. En este sentido, el escrito en oposición a sentencia sumaria presentado por ALR Construction **careció por completo** de documentación que sirviera para impugnar de alguna forma los hechos medulares que el Municipio efectivamente logró sustentar con prueba documental.

Por causa de lo anterior, el Tribunal de Primera Instancia, (TPI), debió haber admitido como incontrovertidos cada uno de los hechos medulares que fueron sustentados con la prueba documental presentada por el Municipio, restándole así solo decidir en los méritos la controversia de derecho ante su consideración, es decir, aplicar el derecho que correspondiera. A pesar de ello, el foro recurrido *identificó* hechos en controversia, que no encuentran sustento en la prueba documental que está en

---

para tratar de cumplir su obligación de terminar la obra, antes de contratar a un tercero para ello.
[4] Apéndice del recurso de *certiorari*, págs. 28-37.
[5] Id., págs. 97-103.

el expediente, y hasta resultan frontalmente contradictorios con los hechos que sí enumeró como incontrovertidos.

En este sentido, basta una mirada a la documentación incluida por el Municipio en su *Moción de sentencia sumaria* para llegar a la inescapable conclusión que la razón del incumplimiento de ALR Construction le es exclusivamente atribuible a esta, al estimar de manera deficiente el costo de la obra, por lo que tiene que indemnizar al Municipio. Este hecho es y será invariable, según la prueba ante el Tribunal, por lo que la celebración del juicio en su fondo será un ejercicio fútil, que retrasará la justicia y causará pérdida de tiempo al propio foro primario.

Por lo explicado, muy respetuosamente disiento de la *Resolución* suscrita por mis compañeros jueces de Panel, exclusivamente a lo atinente a cómo atendieron el primer señalamiento de error. Según dije, hubiese expedido el recurso de *certiorari* solicitado por el Municipio y revocado la determinación recurrida con relación a la causa de acción dirigida contra ALR Construction.

Por las razones expuestas, respetuosamente disiento.

En San Juan, Puerto Rico, a 30 de mayo de 2025.

Nery Enoc Adames Soto
Juez de Apelaciones